CLARK and others *against* RICHARDS.

THIS was an action on the case. The declaration alleged, that the defendant was owner of a sloop called the *Sea-flower,* which was usually employed to transport for hire, goods, wares and merchandize, from one port to another in the *United States,* whereof *Charles Whipple* was master; that the plaintiffs put on board this sloop at *Norwich,* on the 24th of *July* 1812, a large quantity of cheese to be transported thence to *Philadelphia,* for hire; and that on the voyage much of the cheese was lost and the residue greatly injured, by reason of the leaky and insufficient state of the sloop, which was not seaworthy, and the careless manner of storing and carrying the cheese, and the negligent and improper conduct of the defendant and the master.

The cause was tried at *Windham, September* term 1813, before *Reeve, Edmond,* and *Smith,* Js. It appeared on the trial from the custom-house books in *New-London,* that the defendant was sole owner of the sloop *Sea-flower;* and that he purchased her on the 12th of *May* 1812, of *Charles Whipple,* who was master and owner prior to that time, and master ever since. It appeared also, that the defendant gave bonds

The owner of a vessel usually employed in transporting property from one port to another in the *United States,* is, like other carriers for hire, liable to the proprietor of goods put on board for transportation, for any loss or damage accruing to them through the insufficiency of the vessel, or the negligence of the master.

It is sufficient to subject the owner for the acts of the master, that the latter is in fact master with the privity of the owner, without any special appointment.

A special contract entered into between the shipper of goods and the master of a vessel regarding the time and manner of transportation, the price of freight, allowance for demurrage &c. will not supersede or discharge the general liability of the owner for loss or damage.

*Qu.* Whether the registry of the transfer of a vessel in the books of the custom-house is conclusive evidence of title in the vendee?

*Qu.* Whether the mortgagee of a vessel, who has not taken possession, nor exercised any act of ownership, is to be deemed in law the owner, so far as to subject him for the acts of the master?

for the vessel to be employed in the coasting business previ- *Hartford,* ous to her proceeding on the voyage mentioned in the decla- June, 1814. ration. A written contract was also given in evidence, en- Clark tered into by the plaintiffs and *Whipple* before the lading of *v.* the vessel for the voyage, which was as follows :

<i>Clark<br>v.<br>Richards.</i>

" *New-London, July 22d,* 1812.

We agree to furnish Capt. *Charles Whipple* with a freight of cheese to *Philadelphia,* to be put on board the sloop *Sea-flower* of *New-London,* at *Norwich,* on *Monday* next. Said vessel is to be stowed as full as shall be judged safe for the cheese to go ; and the said Capt. *Whipple* is to proceed to said port as soon as possible, and to lie fourteen market days for the sale of the cheese ; and if the cheese be not sold in said time, said vessel is to lie on the demurrage of five dollars per day. In consideration the freighting party is to pay seven dollars per thousand, said *Whipple* is to have the vessel complete for putting the cheese on board.

> J. *M'Loomis,*
> *Josiah Tilden,*
> *Charles Whipple,* owner of sloop
> and master."

This contract remained in the hands of *Whipple ;* the plaintiffs having no copy or counterpart. It did not appear that the defendant had any knowledge of it.

In the further progress of the cause, the defendant claimed, and produced parol testimony to prove, that he had never taken possession of the vessel, nor used her in any way whatever, nor employed *Whipple* as master. He also claimed, but did not produce any written documents to shew, that his title to the vessel was by mortgage only. He thereupon insisted, that he was not by law liable for any damage which had happened to the cargo from any cause whatever. But the court charged the jury in substance as follows : Gentlemen of the jury, certain questions of law are raised by the counsel in this case. The court are of opinion, that by the transfer of the vessel, which is not denied to be a genuine instrument, the defendant is owner of the vessel ; and that by law the owner is liable for any loss that arises from the negligence or mismanagement of the master in transporting property put on board from port to port in the *United States,* in the usual course of the business in which the vessel is employed,

*Hartford,*
June, 1814.

Clark
*v.*
Richards.

either on the express contract made, or one implied by law; and that in this case it is an immaterial enquiry whether the vessel was a common carrier or not; for in either case, the liability would be the same on the claim of *negligence.* And although the declaration proceeds on the ground of the defendant's being a common carrier, it is substantially a declaration on the other ground. The case will therefore turn on the question of fact;—in the first place, was there any damage? And if you find there was, the next enquiry is, was it owing to the vessel's not being seaworthy, and in a disordered state; or was it owing to some other cause which would produce the damage, if the vessel were in a good state? If you find that any of the damage complained of arose from the stowing of the cheese, and that that was done by the plaintiffs, you will not for that reason subject the defendant.

The jury found a verdict for the plaintiffs; and the defendant moved for a new trial on the ground of a misdirection.

*Cleaveland* in support of the motion. 1. The only evidence of ownership in the defendant was derived from the custom-house books. But the registry of a vessel does not prove ownership; it is not even *prima facie* evidence of a transfer. 14 *East* 226. 2 *Taun.* 5.

2. Admitting the defendant to have been the registered owner of the vessel, yet as he was never in possession of her, nor used her in any way, nor employed *Whipple* as master, he could not be liable for *Whipple's* acts. *Whipple* was in no sense the servant of the defendant. *Frazer* v. *Marsh,* 13 *East* 238. S. C. 2 *Campb.* 517.

3. The defendant was not liable on the implied undertaking of a common carrier; because here was an express contract entered into between the plaintiffs and the master. If this contract has not been fulfilled, the plaintiffs may have their remedy upon it. The defendant was no party to it. *Whipple* signed as *owner* and master.

4. He was proceeding to discuss the point, whether the mortgagee of a vessel, who has not taken possession, is to be deemed in law the owner of it so far as to subject him for the acts of the master; when *Smith,* J. observed, that it did

not appear from the case that the defendant stood in that situation; he made such a claim, but did not support it by proof.

*Goddard,* contra.   1. The custom-house books, connected with the facts found, were conclusive evidence of title in the defendant.   *Campden* v. *Anderson,* 5 *Term Rep.* 709.   *Westerdell* v. *Dale,* 7 *Term Rep.* 306.   *The Sisters,* 5 *Rob. Adm. Rep.* 138. [155.]

2. The title of the defendant being established, he is liable as owner, for the acts of the master.   *Abbott* 119. *et seq.*   In the first place, the owner of this vessel was a common carrier, and liable in the same manner as common carriers by land are, for the loss or damage of goods entrusted to their care.   2 *Com. Contr.* 320. *et seq.*   But secondly, whether the defendant is to be considered as a common carrier or not, he is at any rate liable for want of sea-worthiness in the vessel, and want of ordinary care in the master.   *Lyon & al.* v. *Mells,* 5 *East* 428.   *Putnam* v. *Wood,* 3 *Mass. Rep.* 481.

3. The special contract entered into between the plaintiffs and *Whipple* can have no bearing upon this case; it would not supersede, nor in any way affect, the defendant's liability as owner.

EDMOND, J.   [After stating the principal facts.]   In arguing the case before this Court several exceptions are taken and objections urged by the counsel for the defendant to the charge given by the court.

It is contended that the court, in giving their opinion to the jury, that by the transfer of the vessel the defendant is owner, proceeded erroneously, on the ground that the custom-house books were conclusive evidence of ownership; whereas on all the facts stated in the motion, whether the defendant was owner or not was a question of fact to be left to the jury without any expression by the court of their opinion thereon.

In the second place, it was contended that the defendant was mortgagee merely, and never had been in possession; and that the mortgagee of a vessel out of possession is in no case liable.

The first of these exceptions is not warranted by the pre-

*Hartford,*
June, 1814.

Clark
*v.*
Richards.

mises : and the second is founded on the assumption of a fact entirely out of the case, as no legal testimony was adduced to shew that the defendant's title was by mortgage.

It does not appear from the motion in this case, that the defendant on the circuit contested the truth of the matters alleged to appear on the custom-house books at *New-London,* or denied in any way his being purchaser and owner, and that he gave bond, &c. Indeed, he admitted it, if not expressly, by necessary implication, by resting his defence on the claim that " his title to the vessel was by mortgage only, and that he had never taken possession of, or used her in any way whatever, or employed *Whipple* as master." The question of fact, therefore, raised before the court and jury was not whether the *title* to the vessel was in the defendant by a regular conveyance ;—*that* was admitted ;—but whether that title was by mortgage, and whether the defendant was in possession, and employed the captain.

It appears further from the motion, that although the defendant claimed, he did not produce any written document to shew, that his title was by mortgage ; or, in other words, he failed to make good his claim, as the proof offered in support of it was wholly inadmissible as against the plaintiffs, who were neither parties nor privies to the bill of sale. Without considering the custom-house books, therefore, as conclusive evidence, the court were warranted in the opinion given to the jury [in the charge, *viz.* " that by the transfer of the vessel, which is not denied to be a genuine instrument, the defendant is owner of the vessel." In this view of the case presented by the motion, it becomes unnecessary to discuss or decide the question raised by the counsel, whether the custom-house books are conclusive evidence of ownership ; and equally so to discuss or decide the question, whether a mortgagee out of possession is in any case liable.

In the argument before this Court, it was further urged, that inasmuch as the defendant in the trial claimed, and produced parol testimony to prove, that as he had never taken possession of the vessel, or used her in any way whatever, or employed *Whipple* as master, he could not be made liable ; that there must be possession, the employment of a master, and the setting up of the ship by the owner, to subject him. In respect to this claim, it may be observed, that the defend-

ant's ownership being established, as in the present case, and *Whipple* being in fact master with the privity of the defendant, whether by his special appointment or not is immaterial ; this is a sufficient setting up of the vessel ; the master is in fact the agent of the owner, and as such, his possession is the possession of the owner.

As to the principle laid down by the court, " that the owner is liable for any loss that arises from the negligence or mismanagement of the master in transporting property put on board from port to port in the *United States*, in the usual course of the business in which the vessel is employed, either on the express contract, or one implied by law," it is sufficient barely to remark, that the general responsibility of owners or principals for the acts of their agents necessarily results from the relation in which they stand to each other. They, like all other carriers for hire, are liable to the proprietor of goods put on board for transportation, for their loss, or any injury they may sustain from negligence in the owner, or his captain ; and that whether the contract is made by themselves, or their agent the captain in the usual course of his employ.

In regard to the contract between the plaintiffs and *Whipple* given in evidence, it contains no stipulation of which the plaintiffs, had it been placed in their hands, could have availed themselves to obtain an indemnity for the injuries complained of in this declaration, *viz.* injuries arising from the insufficiency of the vessel, and the carelessness, negligence and mismanagement of the defendant and his captain. Consequently, the existence of such a contract with *Whipple*, admitting the defendant had subscribed it himself, would be no bar to the present action.

For these reasons I am satisfied a new trial ought not to be granted.

In this opinion the other Judges severally concurred.

New trial not to be granted.