THE STATE OF CONNECTICUT *against* PARMELEE.

9 259
70 113

An information for an assault with intent to kill *without* malice, may be supported, by proof of an assault with intent to kill *with* malice.

THIS was an information for an assault, with actual violence, on the body of *Edmund Fanton*, with an intention, without malice aforethought, him to kill,—*contra formam statuti.*

On the trial, at *Danbury, September* term, 1831, before *Peters*, J., the attorney for the state offered evidence tending to prove, that the prisoner, at the time and place alleged in the information, made an assault on *Fanton*, with clubs which he had procured for that purpose, with an intention to kill him. There was no evidence of any provocation, given by *Fanton*, to the prisoner. The prisoner thereupon claimed, that the judge should charge the jury, that if they should find the assault to have been committed with malice, so that if he had actually killed *Fanton*, he would have been guilty of murder, such finding would negate a material averment of the information, that the assault was made "without malice aforethought;" and therefore, they must return a verdict of *Not guilty.* The judge charged the jury, that the offence prohibited by the section of the statute on which the information was founded, (*stat.* 152. *s.* 13.) was an assault with intention to commit manslaughter; and that whether such intention was with, or without malice aforethought, was immaterial.

The jury returned a verdict of *Guilty;* and the prisoner moved for a new trial for a misdirection.

*Betts*, in support of the motion, contended, That the words "without malice aforethought" in the information, constituted a material averment, descriptive of the offence; and if that

averment is not proved, or if it is disproved, there can be no conviction. The information follows the section of the statute on which it is founded; both excluding malice. This is an *exception* within the body of the act, which must be negatived. *Arch. C. Pl.* 25. 65, 6. In *The State* v. *Shepard,* 7 *Conn. Rep.* 54. and that class of cases, there is no exclusion of the more aggravated offence.

*Sherman,* contra, insisted, That in an information for killing or for an attempt to kill, *without* malice, there may be a conviction on proof of a killing, or an attempt to kill, *with* malice. The whole import of the information, is, to charge the prisoner with an intent to kill, but not for malice aforethought; and such is the meaning of the statute. The negation of malice is not a part of the offence. The words are inserted to authorize a conviction without proof of malice.

PETERS, J. In support of this motion, the prisoner contends, that if convicted or acquitted on this information, he would be liable to be prosecuted for a higher crime, both on the same transaction, and so be made liable to be twice put in jeopardy for one act, contrary to a fundamental maxim of the common law. 4 *Rep.* 45. *a.* But there is no reasonable objection to a conviction or acquittal of an inferior crime, when it is an essential part of a greater crime, and supported by the same evidence. And it has often been adjudged, that a conviction or acquittal of one is a bar to a prosecution for the other. Thus, on an indictment for murder, we always inform the jury, that the prisoner may be found guilty of manslaughter, if the evidence will warrant it. So on an indictment for a rape, he may be convicted of an attempt to commit a rape. *Commonwealth* v. *Cooper,* 15 *Mass. Rep.* 187. *The State* v. *Shepard,* 7 *Conn. Rep.* 54. *Holcroft's* case, 4 *Rep.* 46. *b.* So, in the case before us, the jury were instructed, that although it was proved, that the prisoner was guilty of an attempt to commit murder, they might find him guilty of an attempt to commit manslaughter. For these reasons, I do not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.